# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>vs.<br><br>GREGORIO HERNANDEZ-DUARTE,<br><br>                          Defendant. | CRIM CASE NO. 10cr1472WQH<br>CIVIL CASE NO. 12cv3015WQH<br>CIVIL CASE NO. 13cv1778WQH<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant. (10cr1472WQH, ECF No. 79; 12cv3015WQH, ECF No.1; 13cv1778WQH, ECF No. 1).

**I.     Background**

On April 5, 2010, Defendant was arrested for alien smuggling. (ECF No. 1 at 3). On April 21, 2010, Defendant was charged by indictment with one count of conspiracy to transport illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(I), and two counts of transportation of an illegal alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II). (ECF No. 15).

On November 11, 2010, Defendant entered into a Plea Agreement with the Government. (ECF No. 48). The Plea Agreement provided that "Defendant agree[d]

to plead guilty to Count 1 of the indictment," and "[t]he Government [would] move to dismiss the remaining counts in [the] indictment against Defendant after he [was] sentenced." *Id.* at 2. The Plea Agreement stated in part: "Defendant understands that the crime to which defendant is pleading guilty carries the following penalties: ... As a consequence of this guilty plea, Defendant may be removed from the United States." *Id.* at 4.

On November 12, 2010, the Defendant appeared before the District Judge and entered a plea of guilty to Count 1. At the plea hearing, the District Judge stated: "The Plea Agreement sets forth the penalties that you are facing, Mr. Hernandez. The maximum sentence is five years in prison, a $250,000 fine, a $100 special assessment, and three years' supervised release, and also you could be removed from the United States as a result of your guilty plea in this case. Do you understand?" Defendant answered: "yes." (ECF No. 83 at 7). The District Judge asked the Defendant "Have any promises been made to you other than what is in this plea agreement? Any other promises?" Defendant answered: "No." *Id.* at 6-7.

The District Judge asked defense counsel at the plea hearing about the Defendant's "status in the United States." Defendant counsel stated in open court: "He's a lawful permanent resident, your honor. ... the fact that he could be removed has obviously been discussed with him, and all parties both to this agreement and to other potential agreements in the future are aware of his status and the possibility that he could be removed." *Id.* at 12.

The District Judge accepted Defendant's plea of guilty to Count 1. Pursuant to the agreement of the parties, Defendant waived preparation of the plea agreement and both parties requested that the Court impose a sentence of time served. The Court entered Judgment sentencing Defendant to a term of time served and two years of supervised release on Count 1. (ECF No. 51 at 1-2). Counts 2 and 3 were dismissed. (ECF No. 49).

On December 19, 2012, Defendant filed the initial motion to vacate, set aside, or

correct sentence. (10cr1472WQH, ECF No. 79; 12cv3015WQH, ECF No.1).

On July 16, 2013, Defendant filed a second motion to vacate, set aside, or correct sentence. (13cv1778WQH, ECF No. 1).

On September 30, 2013, the Government filed a response. (ECF No. 86).

## II. Contentions of the Parties

Defendant contends that he is entitled to relief from judgment on the ground that he was denied "effective assistance of counsel." (ECF No. 79 at 5). Defendant contends that his counsel "ha[d] a duty to investigate the immigration consequences of a plea," and that his "counsel failed to advise [him] on the particular circumstances." *Id.* Defendant contends that the "conviction [was] obtained by a violation of the protection against double jeopardy." *Id.* Defendant alleges that "there was an agreement between the District Attorney and Defendant counsel regarding 'this plea would not deprive [Defendant of his] lawful permanent residence - which he is in removal proceedings as a consequence[] of the plea." *Id.*

The Government contends that "[D]efendant's motion is improper under § 2255, meritless, and untimely." (ECF No. 86 at 2). The Government contends that the motion is untimely because "[D]efendant filed it more than a year after the deadline imposed by § 2255." *Id.* The Government contends that Defendant "is not in federal criminal custody at this time, and has not been since April 2010[,] ... [and therefore,] he cannot bring a motion under § 2255." *Id.* The Government further asserts that Defendant "was admonished repeatedly - including by his counsel - that he could be removed from the United States as a consequence of his guilty plea, and he confirmed under oath to Judge Gonzalez that he understood that fact." *Id.*

## III. Analysis

28 U.S.C. § 2255 provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

## A.   Statute of Limitations

A motion brought under § 2255 is subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On November 15, 2010, the Court entered Judgment sentencing Defendant to a term of time served and two years of supervised release. (ECF No. 51).[1]

On December 19, 2012,[2] Defendant filed the initial motion to vacate, set aside, or correct sentence. (ECF No. 79). Based on the record in this case, the motion to vacate, set aside, or correct sentence is not timely because it was filed more than one year after "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). Defendant has identified no impediment to excuse the late filing.

---

[1] Sentencing was held on November 12, 2010. Judgment was entered on November 15, 2010. Defendant stated at the sentencing hearing that he waived his right to appeal.

[2] Defendant filed a second motion on July 15, 2013 which resulted in 13cv1778.

### B. "In Custody" Requirement

"By its clear terms, § 2255 is applicable only to prisoners who are in custody and claiming the right to be released." *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999). A term of supervised release has been treated as a sufficient restraint on liberty as to render a defendant "in custody" for the purposes of a motion under § 2255. *See United States v. Dohrmann*, 36 Fed. Appx. 879, 879 (9th Cir. 2002). Immigration consequences, including deportation, are collateral consequences of a guilty plea when the deportation "was not the sentence of the court which accepted the plea, but of another agency over which the trial judge has no control and for which he has no responsibility." (internal quotation marks and citation omitted)). *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976)

On November 15, 2010, the Court sentenced Defendant to a term of time served and two years of supervised release. (ECF No. 51). The record in this case contains no facts to show that Defendant was "in custody" on December 19, 2012 when he filed his motion to vacate under 28 U.S.C. § 2255. Any subsequent removal proceedings alleged would be a collateral consequence of Defendant's guilty plea and conviction, rather than a restraint on Defendant's liberty amounting to custody. The record does not show that Defendant was "a prisoner in custody under sentence of a court" at the time his petition was filed. 28 U.S.C. § 2255(a).

### C. Merits

The plea agreement in this case stated that " Defendant understands that ... [a]s a consequence of this guilty plea, Defendant may be removed from the United States." (ECF No. 48 at 4). Defendant initialed this page of the plea agreement and signed the plea agreement, which expressly stated that "[b]y signing this agreement, Defendant certifies that Defendant has read it[,] ... has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect." *Id.* at 16. At the change of plea hearing, Defendant was repeatedly advised that he "could be removed from the United States as a result of [his] guilty plea." (ECF No. 83 at 7); *see also,* ("[T]he fact

that he could be removed has obviously been discussed with him, and all parties ... are aware of his status and the possibility that he could be removed.") *Id.* at 12. The Court finds that the record demonstrates that Defendant cannot prevail on a claim that defense counsel failed to advise him of the immigration consequences of a guilty plea. Even if timely filed, the motion to vacate, set aside, or correct the sentence on the grounds of ineffective assistance of counsel fails on the merits.

## IV. Conclusion

IT IS HEREBY ORDERED that the motions to vacate, set aside, or correct sentence (10cr1472WQH ECF No. 79; 12cv3015 ECF No.1; 13cv1778 ECF No. 1) filed by Defendant are denied.

DATED: December 2, 2013

**WILLIAM Q. HAYES**
United States District Judge